# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | | |
|---|---|---|
| **Roger Liverman, Pro Se** § | | |
|    Plaintiff, § | | |
| § | | |
| **v.** § | | |
| § | **CIVIL ACTION NO.** | |
| **LaWanda McMurray, County** § | **7:19 CV 062** | |
| **District Clerk of Upton County,** § | | |
| **Probate Clerk of Upton County,** § | | |
| **Probate Judge Vikki Bradley, Deceased,** § | | |
| **Probate Judge Bill Eyler, District Judge** § | | |
| **Pete "Pedro" Gomez, Jr.,** § | | |
| **Judge Kathleen Stone** § | | |
| **Upton County, Texas, State of Texas** § | | |
| **James McDonald,** § | | |
| **Albert Valadez,** § | | |
| **Katheryn P. Hall Dutko,** § | | |
| **Denton County, Texas, State of Texas** § | | |
| **Paul Johnson, Lara Tomlin,** § | | |
| **Rick Daniel, Lindsey Sheguit,** § | | |
| **Rex George, Larry Don Kish** § | | |
| **Ronald Pettigrew, Matthew Shovlin** § | | |
|    **Defendants** § | | |

## DEFENDANT'S ORIGINAL ANSWER

     Defendant, Katheryn Payne Hall, files this original answer to Plaintiff Roger Liverman's Original Complaint.

### A.    Denials under title "Jurisdiction"

1.    Defendant denies the allegation in paragraph 12 that this Court has jurisdiction over the subject matter of these claims under 18 U.S.C. §§ 1964(a) and (c) inasmuch as the alleged claim for relief arises from a probate proceeding under the Texas Probate Code. Further, Defendant denies the allegation that any of the property in Oklahoma was the subject of the proceedings in the Probate of the Estate of Victoria Covill or that such property was subject to interstate commerce.

1

### B.     Denials under title "Amount in Controversy"

2. Defendant denies the allegation in paragraph 13 that the amount in controversy is more than $75,000.00.

### C.     Denials under title "Venue"

3. Defendant denies the allegation in paragraph 14 that this Court has venue over the subject matter of these claims under 18 U.S.C. §§ 1964(a) and (c) 28 U.S. C. §§ 3 139 (b) and (c) inasmuch as the alleged claim for relief arises from a probate proceeding under the Texas Probate Code.

### D.     Admissions and Denials under title "The Parties"

5. Defendant admits the allegation in paragraph 17 that the Plaintiff has identified Katheryn P Hall Dutko but denies that she and Probate Judge Viki Bradley individually and through agents, alter egos, subsidiaries, materially participated in the enterprise and materially participated, conspired, assisted, encouraged, and otherwise aided and abetted one or more of the other defendants in the unlawful, misleading and fraudulent conduct alleged and has affected foreign and interstate commerce in the United States.

### E.     Lack of Standing

6. Defendant denies that the Plaintiff has standing to bring this suit under title 18 U.S.C. § 1961 (3), entitled "Crimes and Criminal Procedures" since the alleged criminal actions alleged in paragraphs 33 through 36 are reserved for prosecution of the Federal Government through the United States Attorney.

### G.     Failure to State Claim for Relief

7. Defendant denies that the Plaintiff has stated a claim for relief under paragraphs 12, 14, 33, 34, 35 and 36 as required by Rule 8 (a)(2), F.R.C.P.

### H.     General and Specific Denials

8. Defendant generally denies each and every allegation in the Plaintiff's Complaint and demands proof thereof by a preponderance of the credible evidence.

### I. Motion for Sanctions

9.  Pursuant to Rule 11 (b), TRCP, by presenting, filing, submitting and signing this Complaint to this honorable Court, the Plaintiff has certified that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstance, that this Complaint is not being present for any improper purpose such as to harass or needlessly increase the cost of litigation; that the claims and other legal contentions are warranted by existing law; that the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

10. Defendant will show that the Plaintiff has violated the mandates of Rule 11 (b), TRCP by presenting, filing, submitting and signing this Complaint to this honorable Court without certifying that to the best of his knowledge, information and belief, that he formed after an inquiry reasonable under the circumstance that this Complaint is not being present for any improper purpose such as to harass or needlessly increase the cost of litigation; or that the claims and other legal contentions are warranted by existing law; or that the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

11. Defendant will show that the Plaintiff's Complaint and the claims and other legal contentions therein were filed for the improper purpose or harassing or needlessly increase the cost of litigation to Defendant.

12. Defendant will show that the Plaintiff's Complaint and the claims and other legal contentions therein are not warranted by existing law.

13. Defendant will show that the Plaintiff's Complaint and the factual contentions therein have no evidentiary support nor will they likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

### Prayer

14. The Plaintiff's cause of action lacks subject-matter jurisdiction; lacks personal jurisdiction; improperly alleges venue; fails to state a claim upon which relief can be granted; and lacks standing to sue the Defendant. For these reasons, defendant asks the court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief the court deems appropriate.

15. After notice and a reasonable opportunity to respond, Defendant respectfully requests that this Honorable Court determine whether that Rule 11(b) has been violated and upon an affirmative finding, that the Court may impose an appropriate sanction on the Plaintiff for violating this rule.

Respectfully submitted,

*/s/ Albert G. Valadez*
Albert G. Valadez
SBT# 20421840
104 West Callaghan Street
Ft. Stockton, Texas 79735
432.336.7562
432.336.2600 Fax
Attorney for Katheryn P. Hall Dutko

## CERTIFICATE OF SERVICE

certify that a true and correct copy of the above was served on the Plaintiff by delivery of a copy, certified mail, return receipt requested to Roger Liverman, 422 Holiday Drive, Ponder, Texas 76259 on this 27th day of March 2019.

*/s/ Albert G. Valadez*
Albert G. Valadez

4